**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

---

FRAN ALEXIS BENITEZ-UMANZOR

VERSUS

JACKSON PARISH CORRECTIONAL
CENTER

CIVIL ACTION NO. 26-940

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE AYO

---

## <u>MEMORANDUM RULING</u>

The Petitioner, Fran Alexis Benitez-Umanzor, has filed a Renewed Emergency

Motion for Temporary Restraining Order. Record Document 5. For the following

reasons, the Court finds that the Petitioner is entitled to an order temporarily

restraining the Government from executing his removal from the United States.

Pursuant to Federal Rule of Civil Procedure 65(b), this order will remain in place for

a period of fourteen days from entry.[1]

The United States Citizenship and Immigration Services ("USCIS") granted

the Petitioner Special Immigrant Juvenile Status ("SIJS"), deferred action, and work

authorization. Record Document 5-1, at 2, 4. As part of his renewed motion, the

Petitioner included Form I-797 from USCIS approving his request for deferred action.

*Id.* at 2. According to the Form I-797, the Petitioner's deferred action is effective for

four years after his notice date of January 31, 2025, unless it is terminated early. *Id.*

---

[1]   The Petitioner has not sought a preliminary injunction, but he may do so. Otherwise, the
temporary restraining order will expire after fourteen days unless Petitioner requests an
extension before that time and provides good cause for the extension.

The Court has no information in the record that Petitioner's deferred action has been terminated early. *Id.*

To obtain a temporary restraining order, the movant must show: (1) a substantial likelihood on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

First, Petitioner is likely to succeed on the merits of his habeas claim because his deferred action status remains effective until January 31, 2029. In *Guerra Leon v. Noem*, No. 25-1495, 2025 WL 4113562, at *3 (W.D. La. Oct. 30, 2025), this Court considered deferred action under SIJS and held:

> Petitioner may still be subject to removal in the future if his deferred action status is terminated before its expiration or if it expires and is not renewed. Respondents, however, have not terminated or sought to terminate Petitioner's deferred action status. This makes Petitioner non-removeable while his deferred action status remains in effect.

Accordingly, because the Petitioner has deferred action status, he is likely to succeed on the merits of his habeas claim and prove that he is not subject to removal.

Second, Petitioner would suffer irreparable harm from removal because removal would extinguish the benefits of his deferred action status, including his work authorization. *Castillo v. Parra*, No. 25-25011, 2025 WL 4092624, at *7 (S.D. Fla. Dec. 1, 2025) (collecting cases).

2

Finally, a balance of the equites and public interest also weigh in Petitioner's favor. *Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that the final two TRO factors "merge when the Government is the opposing party."). The irreparable harm Petitioner would suffer, including loss of his deferred action benefits, outweighs any injury to the Government's generalized interest in enforcement of its immigration laws. Furthermore, injunctive relief serves the public interest by ensuring the Government adheres to the regulatory process of the SIJS program.

The Court finds that Petitioner is entitled to a temporary restraining order prohibiting his removal from the United States. Petitioner may still be subject to removal on some future date if his deferred action status is terminated or expires. But until then, Petitioner is not removable while his deferred action status remains in effect.

**DONE AND SIGNED** at Shreveport, Louisiana, this 26th day of March, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

3