**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| FRAN ALEXIS BENITEZ-UMANZOR | CIVIL ACTION NO. 26-0940 |
| VERSUS | |
| | JUDGE ALEXANDER C. VAN HOOK |
| JACKSON PARISH CORRECTIONAL CENTER | MAGISTRATE JUDGE AYO |

## MEMORANDUM RULING

The Petitioner, Fran Alexis Benitez-Umanzor, filed an omnibus motion asking to expedite consideration of his petition for a writ of habeas corpus, extend the temporary restraining order, and issue a preliminary injunction. *See generally* Record Document 11. For the following reasons, the motion is granted in-part and denied in-part.

Based on the available record, Benitez-Umanzor has been granted Special Immigrant Juvenile Status ("SIJS"), deferred action, and employment authorization. Record Document 5-1, at 2, 4, 6. The Court has received no evidence that Benitez-Umanzor's deferred action status has been terminated. In his habeas petition and motions, Benitez-Umanzor argues (albeit inartfully) that he should not be removed because of his deferred action status. *See* Record Documents 1, 3, 5, 11.

As a threshold, the Court finds that it has jurisdiction to consider Benitez-Umanzor's challenge to his continued detention during removal proceedings. *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. 2026) (explaining that "district courts have subject-matter jurisdiction to review § 2241 petitions challenging

the lawfulness of a noncitizen's detention[.]"). Moreover, although district courts cannot address the government's discretion to commence removal proceedings, they can "address detention resulting from the government's failure to honor benefits it has already granted." *Jurado v. Freden*, No. 25-943, 2025 WL 3687264, at \*6 (W.D. N.Y. Dec. 19, 2025) (collecting cases) (explaining that detention of someone "without revoking his grant of deferred action" implicates "fundamental due process concerns" that the courts are not barred from considering and otherwise relates to the government's decision not to honor an immigration benefit rather than its decision to commence removal proceedings); *see, e.g.*, *Maldonado v. Noem*, No. 25-2541, 2025 WL 1593133, at \*2 (S.D. Tex. June 5, 2025) (holding detention of person with deferred action status violated the due process clause); *see also Guerra Leon v. Noem*, No. 25-1495, 2025 WL 4113562 (W.D. La. Oct. 30, 2025) (noting that a petitioner was not "removable while his deferred action status remains in effect.").

Having found it has jurisdiction the Court also holds that good cause exists for extending its prior temporary restraining order. *See* Fed. R. Civ. P. 65(b)(2) (requiring a finding of good cause for extension of a restraining order). To obtain a temporary restraining order, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Tesfamichael v. Gonzales*, 411 F.3d 169 (5th Cir. 2005) ("Although

four factors are relevant to determining entitlement to a stay, the first is arguably the most important[.]").

Benetiz-Umanzor is likely to succeed on the merits of his habeas claim because a noncitizen with deferred action status has a liberty interest protected under the Due Process Clause. Other district courts that have considered this issue have overwhelmingly found the same. *See, e.g.*, *Medina v. Arnott*, No. 26-3170, 2026 WL 915582 (W.D. Mo. Apr. 3, 2026); *Fugon v. Chestnutt*, No. 26-1841, 2026 WL 878616 (E.D. Cal. Mar. 31, 2026); *Walter A. v. Easterwood*, No. 26-1393, 2026 WL 836428 (D. Minn. Mar. 26, 2026); *Rascon v. Noem*, No. 26-161, 2026 WL 800684 (D. Utah Mar. 23, 2026); *Juarez v. Noem*, No. 26-801, 2026 WL 799976 (E.D. Cal. Mar. 23, 2026); *Blandon v. Madonado*, No. 26-1669, 2026 WL 790910 (E.D. N.Y. Mar. 21, 2026); *Zamora v. Noem*, No. 26-79, 2026 WL 766087 (D. Neb. Mar. 18, 2026); *Alfaro v. Mullin*, No. 26-766, 2026 WL 734348 (E.D. N.Y. Mar. 16, 2026); *Torres v. Hermosillo*, No. 26-76, 2026 WL 547591 (W.D. Wash. Feb. 23, 2026); *Vasquez v. Arnott*, No. 26-3101, 2026 WL 498101 (W.D. Mo. Feb. 23, 2026); *Gaspar v. Akshar*, No. 26-118, 2026 WL 699369 (N.D.N.Y. Feb. 17, 2026); *A.R. v. Noem*, No. 25-3565, 2026 WL 194850 (C.D. Cal. Jan. 26, 2026); *Herrera v. Baltazar*, No. 25-4014, 2026 WL 91470 (D. Colo. Jan. 13, 2026); *Sarmiento v. Perry*, No. 25-1644, 2026 WL 131917 (E.D. Va. Jan. 19, 2026); *Cano-Sida v. Garcia*, 2026 WL 93141 (W.D. Tex. Jan. 7, 2026); *Jurado v. Freden*, No. 25-943, 2025 WL 3687264 (W.D. N.Y. Dec. 19, 2025); *Gomez v. Noem*, 2025 WL 3853219 (W.D. Tex. Dec. 9, 2025); *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690 (W.D. Tex. Oct. 16, 2025); *Santiago v. Noem*, 2025 WL 2792588 (W.D. Tex.

Oct. 2, 2025); *Maldona v. Noem*, 2025 WL 159133 (S.D. Tex. Jun 5, 2025); *but see Jiminez v. Noem*, No. 26-195, 2026 WL 413214 (W.D. La. Feb. 13, 2026) (quoting *Rivera Hernandez v. Noem*, No. 25-326, 2025 WL 3754434 (E.D. Tex. Dec. 19, 2025)).

In this case, the available record indicates that immigration authorities have detained Benetiz-Umanzor despite his deferred action status. Until the Government presents contrary evidence, it appears that Benetiz-Umanzor's deferred action has not been terminated nor has he even received notice of such termination. Accordingly, he is likely to succeed on the merits of his habeas claim because he has an active deferred action status making him ineligible for removal.

Furthermore, as the Court explained in its prior memorandum ruling, Benetiz-Umanzor satisfies the remaining elements needed for a temporary restraining order because he would suffer irreparable harm and the balance of equities weigh in his favor. Record Document 7, at 2 (holding petitioner would lose the benefits of his deferred action status like the work authorization). Therefore, for good cause shown, the Court will extend the existing temporary restraining order "for a like period." Fed. R. Civ. P. 65(b)(2).

Finally, when considering what relief to provide, the Court finds that an order temporarily restraining the Government from removing Benetiz-Umanzor is "a proper exercise of its inherent power to preserve its ability to hear the case." *Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026). Although an unpublished Fifth Circuit opinion, *Imran v. Harper*, No. 25-30370, 2026 WL 93131 (Jan. 13, 2026), recently found that district courts lack jurisdiction to issue

4

a stay of removal, the United States Supreme Court has long held that a district court "has the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Accordingly, even though this Court cannot grant ultimate relief and stay removal, it can temporarily "preserve existing conditions" while it assesses Benetiz-Umanzor's request for injunctive relief.

**DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of April, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE