**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

FRAN ALEXIS BENITEZ-UMANZOR

VERSUS

JACKSON PARISH CORRECTIONAL
CENTER

CIVIL ACTION NO. 26-0940

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE AYO

**<u>MEMORANDUM RULING</u>**

Fran Alexis Benitez-Umanzor ("Benitez-Umanzor") filed a motion for a preliminary injunction to prohibit his removal from the United States while his petition for a writ of habeas corpus remains pending. Record Document 11. Previously, the Court entered a temporary restraining order barring removal of Benitez-Umanzor for fourteen days. Record Document 7. Then, for good cause, the Court extended the temporary restraining order for an additional fourteen days. Record Document 14. As part of the extension, the Court ordered the Government to respond to Benitez-Umanzor's alternative request for a preliminary injunction. *Id.* The Government has now responded. Record Document 15. For the reasons below, the motion for preliminary injunction, Record Document 11, is denied.

Despite filing multiple briefs and factual statements, Benitez-Umanzor, who is represented by counsel, did not fulfill his duty of candor to the Court when he never disclosed that *he requested and was granted voluntary departure* as part of his removal proceeding. Record Document 15-4, at 1. His concealment is revealing. As

the United States Court of Appeals for the Fifth Circuit has explained, "[v]oluntary departure is a discretionary form of relief that allows certain aliens to leave the country willing." *Kohwarien v. Holder*, 635 F.3d 174, 176 n.1 (5th Cir. 2011). Because Benitez-Umanzor consented to a voluntary departure, he must first exhaust his administrative remedies before seeking review in federal court. *See Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) ("The exhaustion…doctrine requires not that only administrative remedies selected by the [petitioner] be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts.").

Benetiz-Umanzor claims that he has "expressly rejected voluntary departure and has communicated his intent to remain and pursue relief." Record Document 16, at 3. To make this claim, Benetiz-Umanzor is presumably referring to his pending habeas petition because he offered no explanation of when or how he communicated this supposed rejection. *See generally id.* The Court is not persuaded.

In its earlier rulings, the Court noted that the Government must follow its own administrative procedures before removing Benetiz-Umanzor. *See, e.g.*, Record Document 7, at 3 ("[I]njunctive relief serves the public interest by ensuring the Government adheres to the regulatory process of the SIJS program."). Benetiz-Umanzor must do the same, and the Court finds that he must exhaust administrative remedies available to him before he is entitled to injunctive relief. *Rodriguez v. Holder*, 335 F. App'x 463, 464 (5th Cir. 2009) (holding that an alien who agreed to

voluntarily depart must file a motion to reopen as part of the immigration proceeding before the voluntary departure period expires).

**DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of April, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE